# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0363V

<table>
<tr><td>

SHANNON PESCE,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

</td><td>

Chief Special Master Corcoran

Filed: March 3, 2026

</td></tr>
</table>

*Christopher J. Webb, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 6, 2024, Shannon Pesce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on November 10, 2022. Petition, ECF No. 1. On July 31, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $52,296.25 (representing $48,656.00 in fees and $3,640.25 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 7, 2025, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39-3 at 1.

Respondent reacted to the motion on October 20, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Respondent states that Petitioner has not provided any reason why travel was necessary for this case. Respondent also states that Petitioner's counsel spent 101.2 hours on the claim which settled without briefing. Motion at 2-4, ECF No. 40. On October 21, 2025, Petitioner filed a reply addressing Respondent's statements and requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 41.

I have reviewed the billing records submitted with the Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's fees request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

However, some of the tasks performed by attorney Christopher Webb in this matter are more properly billed using a paralegal rate.[3]  "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."  *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five* percent as a fair adjustment to account for the paralegal duties issue mentioned. **This results in a reduction in the amount of attorney fees of $2,432.80**.[4]

---

[3] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 7/18/2023, 8/7/2023, 8/25/2023, 9/5/2023, 9/6/2023, 9/19/2023, 10/4/2023, 10/12/2023, 10/27/2023, 11/1/2023, 1/18/2024, 1/19/2024, 2/14/2024, 9/11/2024, 9/19/2024, 10/7/2024, 12/16/2024.  ECF No. 39-2 at 1-18.

[4] This amount is calculated as follows: $48,656.00 x 0.05 = $2,432.80.

**ATTORNEY COSTS**

Petitioner's counsel has requested a total of $3,640.25 in litigation costs and has provided supporting documentation to substantiate most of the costs. No. 39-2 at 18-46. Such costs are associated with obtaining medical records, postage and copying costs, and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Petitioner's attorney.

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that Petitioner's attorney traveled from Memphis, Tennessee, to Atlanta, Georgia, on April 28, 2024, for an in-person meeting with Petitioner.  Mr. Webb stayed for two nights in Atlanta at The Opus, a luxury hotel. ECF No. 39-2 at 37. Petitioner requests reimbursement of $1,438.75 for the two-night stay, including meals charged to the room. It appears the nightly room charge at The Opus was $399.10 on April 28, 2024, and $534.10 on April 29, 2024, not including sales, county, and city taxes. This amount exceeds the federal government's daily lodging rates for a hotel stay in Atlanta, Georgia which was most recently $173.00 per night in April, 2024.[5]

In addition, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in April 2024 was $74.00, which included breakfast, lunch, dinner, and incidental expenses. The hotel receipt submitted hereto reflects that Mr. Webb spent $99.28 for meals on April 28, 2024, and $184.26 for meals on April 29, 2024, at the hotel lounge. These amounts exceed the M&IE amount listed above. In addition, the meals have no corresponding itemized receipts, other than the charges appearing on the hotel invoice. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, meal expenses in excess of what would be reasonable, and luxury hotels are not.  Accordingly, I find the amount claimed for the luxury hotel stay and meals, without itemized receipts, to be excessive and hereby apply a reduction of *fifty* percent to the total amount of travel

---

[5] See GSA FY 2023-2024 Per Diem Rates for Atlanta, Georgia at https://www.gsa.gov/travel/plan-book/per-diem-rates.

4

expenses as a fair adjustment to account for these issues. **Application of the foregoing reduces the total amount of costs to be awarded by $794.64.**[6]

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $49,068.81 (representing $46,223.20 in fees and $2,845.61 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] $1,589.28 x .50 = $794.64.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.